IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **REYNOLDS HENRY FLOWERS,**<br><br>      **Petitioner,**<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>      **Respondent.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br><br>Case No.  2:07CV712 DAK |

  This matter is before the court on Mr. Flowers' ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  On August 22, 2006, Petitioner pleaded guilty to violating 21 U.S.C. § 841(a)(1) and 841 (1)(B) (Possession of Cocaine Base with Intent to Distribute.  On November 11, 2007, the court sentenced Petitioner to 70 months in the custody of the United States Bureau of Prisons and then to 48 months of supervised release.  The minimum mandatory term of imprisonment for this offense is five years, and the maximum is forty years.  The guideline range determined by the Probation Officer was 87 to 108 months.

  Petitioner argues that "it was error for the court not to consider problems raised by 100:1 crack/powder cocaine ratio" and that the court should have imposed a sentence below the Guideline range.  He also argues that he was denied effective assistance of counsel because counsel did not raise this issue at the time of sentencing.

As part of Mr. Flowers' Plea Agreement, and as stated in his Statement in Advance of Plea, Petitioner "knowingly, voluntarily and expressly" waived his right to challenge his sentence by motion under 28 U.S.C. § 2255. Specifically, Petitioner agreed that:

> (c) Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in paragraph 13(a) of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever, except that I do nog waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, or (2) a sentence above the high-end of the guideline range as determined by the Court at sentencing, or in the event that no such determination is made by the Court, a sentence above the high-end of the guideline range as set forth in the final presentence report.
>
> (d) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255.

In the Tenth Circuit, a defendant will be held to the terms of a lawful plea agreement. *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir.1998). The Tenth Circuit has held such waivers valid and enforceable with regard to collateral attacks. *United States v. Elliott*, 264 F.3d 1171 (10th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001)("[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made."). There is an exception to the rule for

challenges claiming ineffective assistance of counsel with respect to entering the plea or negotiating the agreement. *Cockerham*, 237 F.3d at 1183.

At most, Petitioner has made a general claim of ineffective assistance of counsel that does not bear on Petitioner's decision to enter a plea. To succeed on this claim, Petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *United States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings). There is no support in the record for finding that Petitioner's counsel was ineffective or that Petitioner was prejudiced at any stage of the proceedings, and Petitioner has not demonstrated any actions by his counsel that were prejudicial. The record indicates that Petitioner did knowingly and voluntarily sign and agree to the terms of the Plea Statement, and is therefore bound to the terms agreed upon. Furthermore, Petitioner already received a sentence below the Guideline range.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED, and this action is DISMISSED with prejudice.

DATED this 16th day of October, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge